UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Plaintiff,

vs.

GREG MUNKS, et. al.,

    Defendants.

No. C 13-5574 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a detainee at Maguire Correctional Facility has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1]  He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

---

[1] Plaintiff has filed eight other cases in this court in the last month, several with overlapping claims.

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that jail staff have denied him access to the law library.

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  *See id.* at 354-55.

Once a prisoner identifies the inadequacy in the program (e.g., law library or legal assistant), he must demonstrate that the alleged shortcomings in the program caused him

2

an actual injury by hindering his efforts to pursue a legal claim. *See Lewis*, 518 U.S. at 351. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. *See id.*; *see, e.g., Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury" because he was prevented from appealing his conviction); *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library"). Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982).

Plaintiff states that he was not allowed to visit the law library prior to his criminal trial. The trial judge upon learning this, postponed trial so plaintiff could go to the law library. Plaintiff was then provided law library access. As plaintiff was provided law library access and his trial was continued, there was no injury. Several months later plaintiff again wanted to visit the law library but was denied. He fails to discuss the specifics of this incident and why he needed access. The complaint will be dismissed with leave to amend to provide more information. As stated above, to state a claim plaintiff must show that the inadequacy in the jail's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **February 3, 2014**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely

3

replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 2, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5574.dwlta.wpd

4