UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Plaintiff,

vs.

GREG MUNKS, et. al.,

    Defendants.

No. C 13-5574 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a detainee at Maguire Correctional Facility has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

---

[1] Plaintiff has filed fourteen cases in this court in the last few months, several with overlapping claims.

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that jail staff have denied him access to the law library.

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury.  *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  *See id.* at 354-55.

Once a prisoner identifies the inadequacy in the program (e.g., law library or legal assistant), he must demonstrate that the alleged shortcomings in the program caused him

2

an actual injury by hindering his efforts to pursue a legal claim. *See Lewis*, 518 U.S. at 351. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. *See id.*; *see, e.g., Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury" because he was prevented from appealing his conviction); *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library"). Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982).

In the original complaint, plaintiff stated that he was not allowed to visit the law library prior to his criminal trial. The trial judge upon learning this, postponed trial so plaintiff could go to the law library. Plaintiff was then provided law library access. Several months later plaintiff again wanted to visit the law library but was denied. He failed to discuss the specifics of this incident and why he needed access, thus the case was dismissed with leave to amend.

In the amended complaint, plaintiff states that he needed access to the law library to file cases regarding circumvention of the grievance system, excessive force and denial of freedom of religion. As noted above, plaintiff has filed 14 cases in this court since October including cases regarding all of these issues.[2] Plaintiff is unable to demonstrate an injury. Plaintiff also states the law library has a great deal of state law books, but not enough

---

[2] Plaintiff's case regarding the circumvention of the appeal system was dismissed for failure to state a claim (13-5085), the case regarding excessive force has been dismissed with leave to amend a second time (13-5083) and service was ordered on defendants for the case regarding freedom of religion (13-5035).

3

federal law books.  As plaintiff makes only conclusory allegations about the lack of federal law books and as he has filed many cases on a wide range of federal issues, he is unable to demonstrate any injury to state a claim.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); s*ee also*, *Smith v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts."). As plaintiff was already granted leave to amend, this appears to be a situation when to grant plaintiff leave to amend again would be patently futile based on the discussion above.

### CONCLUSION

1. This action is **DISMISSED** with prejudice for failure to state a claim and this case is closed.

2. The motion to conduct discovery (Docket No. 9) is **DENIED** as no defendant has been served.

3. The motion to appoint counsel (Docket No. 10) is **DENIED** as this case has been dismissed.

**IT IS SO ORDERED.**

Dated: March 7, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5574.dsm.wpd